**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHRISTOPHER FOUNTAIN,

    Plaintiff,

    v.

RODNEY STEVEN II, et al.,

    Defendants.

Case No. 26-4079-AJP-BGS

**MEMORANDUM AND ORDER PROVISIONALLY GRANTING**
**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Plaintiff Christopher Fountain's Motion to Proceed Without Prepayment of Fees (Doc. 3) and Motion for Appointment of Counsel (Doc. 4). For the reasons explained below, Plaintiff's in forma pauperis ("IFP") application (Doc. 3) is **provisionally GRANTED** while his request for counsel (Doc. 4) is **DENIED without prejudice**.

## I.    Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Plaintiff reports that he is unemployed, owns no real property, and has received no income from the sources listed in his financial affidavit.  But the affidavit omits information necessary to assess his financial condition fully, including his spouse's income, his cash and bank-account balances, his monthly household expenses, and meaningful information about the automobile he references.  *See* Doc. 3-1.

Because the undersigned is contemporaneously recommending dismissal of this action at the screening stage, requiring Plaintiff to supplement his financial affidavit now would not promote judicial efficiency.  The Court therefore provisionally grants Plaintiff leave to proceed without prepayment of fees.  Pending the District Judge's review of the Report and Recommendation, however, the Clerk shall not issue summons or otherwise effect service of process.  If the action survives screening, the Court will require Plaintiff to provide additional financial information and will reconsider whether he qualifies to proceed without prepayment.

## II.     Motion for Appointment of Counsel.

Plaintiff also moves for appointment of counsel.  *See* Doc. 4.  There is no constitutional right to appointed counsel in a civil case.  *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).  In deciding whether to request counsel under 28 U.S.C. § 1915(e)(1), the Court considers the merits of the claims, the nature and complexity of the factual and legal issues, and the plaintiff's ability to investigate the facts and present the claims.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  Plaintiff bears the burden to demonstrate that his claims have sufficient merit to warrant appointment.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Here, the undersigned is contemporaneously recommending dismissal of this action because the complaint does not comply with Rule 8 and does not state a cognizable federal claim.  On the present record, Plaintiff therefore has not carried his burden to demonstrate that his claims possess sufficient merit to warrant appointment of counsel.  *See Hill*, 393 F.3d at 1115; *Wallin v. Sygma*

*Network*, 850 F. App'x 615, 618 (10th Cir. 2021) (affirming denial where the record, at the time of the request, contained insufficient information to determine that the claims possessed sufficient merit).  The remaining considerations do not alter that conclusion at this stage.  The claims, as pleaded, are not factually or legally complex, and Plaintiff's filings do not suggest that he is presently unable to investigate or present them.  *See Rucks*, 57 F.3d at 979; *Cox v. LNU*, 924 F. Supp. 2d 1269, 1280–81 (D. Kan. 2013) (denying motion for counsel because the plaintiff had not shown sufficient merit at an early stage).  Because the relevant circumstances may evolve if this action survives screening, the motion is denied without prejudice to renewal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is **provisionally GRANTED**.  If this action survives screening, the Court will require Plaintiff to supplement his financial affidavit and will reconsider whether he qualifies to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, pending the District Judge's review of the contemporaneously filed Report and Recommendation, the Clerk shall not issue summons or otherwise effect service of process unless directed by further order of the Court.

**IT IS SO ORDERED**.

Dated July 21, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

3