**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CHRISTOPHER FOUNTAIN,

      Plaintiff,

      v.                               Case No. 26-4079-AJP-BGS

RODNEY STEVEN II, et al.,

      Defendants.

## **REPORT AND RECOMMENDATION FOR DISMISSAL**

Plaintiff Christopher Fountain filed this action pro se and has been provisionally granted leave to proceed in forma pauperis for purposes of screening. The Court therefore may screen the Complaint and dismiss it if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint fails to state intelligibly which Defendant allegedly committed which act in violation of which legal right. The undersigned recommends dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with Rule 8. Alternatively, the undersigned recommends dismissal of the federal claims under § 1915(e)(2)(B)(ii) and dismissal of any state-law claims without prejudice under 28 U.S.C. § 1367(c)(3).[1]

---

[1] The Complaint does not establish diversity jurisdiction under § 1332, as it fails to allege the citizenship of Plaintiff and each Defendant. Further, the Complaint does not identify Genesis's organizational form or allege the facts needed to determine its citizenship. And if the Court inferred Kansas citizenship for Plaintiff and the party Plaintiff identifies as a Kansas citizen, that inference would defeat rather than establish complete diversity. Whether it establishes federal-question jurisdiction under § 1331 is a closer question, and the undersigned has real reservations about the sparseness of the jurisdictional allegations. *See Hennessey v. Univ. of Kansas Hosp. Auth.*, 53 F.4th 516, 532 (10th Cir. 2022) ("[I]t is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Mitchell v. Haa*, No. 25-3015, 2026 WL 1847281, at *1 (10th Cir. June 26, 2026) (affirming dismissal where plaintiff cited treaties and constitutional provisions, but asserted no specific cause of action and pleaded no facts indicating a federal claim); *Thompson v. Commerce Bank,* No. 26-1165-TC-BGS, Doc. 12 at 1–2 (D. Kan. July 6, 2026) (dismissing the case because plaintiff referred to federal statutes but alleged no facts and failed to suggest any basis of recovery under them); and *Sipple v. Zevita,* No. 23-4038-HLT, 2023 WL 4706621, at *4–5 (D. Kan. July 24, 2023) (treating purported federal claims as wholly insubstantial where plaintiffs mentioned federal

### I.    Governing Standard

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. §

1915(e)(2).  The court "shall dismiss" an IFP case at any time if it determines that the action is

frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  28

U.S.C. § 1915(e)(2).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."

*Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992).  *Sua sponte* dismissal under § 1915(e) may be

appropriate when "on the face of the complaint it clearly appears that the action is frivolous or

malicious."  *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In evaluating whether dismissal is appropriate, the Court applies the same standard used for

motions under Federal Rule of Civil Procedure 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir.

2007).  The Court accepts well-pleaded facts as true and draws reasonable inferences in the

plaintiff's favor.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).  To survive screening, the

complaint must contain sufficient factual matter to state a claim that is plausible on its face;

conclusory allegations are insufficient.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–70 (2007).

Although a complaint need not include detailed factual allegations, it must provide sufficient notice

of the claims asserted so that a defendant may reasonably respond.  Fed. R. Civ. P. 8(a); *Monroe v.*

*Owens*, 38 F. App'x 510, 515 (10th Cir. 2002).  Because Plaintiff proceeds pro se, the Court construes

his filings liberally, but he must still allege sufficient facts to support a recognized legal claim.  *Hall*,

935 F.2d at 1110.

---

statutes only in passing, tied none of them to defendants' conduct, and attempted to repackage a state
foreclosure dispute as a federal action).  Here, Plaintiff's Complaint cites some facts, albeit sparse, thus
making it a close call.  Because dismissal is recommended below on other grounds and because the Complaint
goes slightly beyond a passing reference to federal statutes, the Court is not recommending dismissal based
on subject matter jurisdiction.  Nothing herein should be read as a finding that Plaintiff's § 1983, RICO, or
ADA theories are colorable or otherwise viable.

## II.    Plaintiff's Claims and Factual Allegations

Christopher Fountain is the named Plaintiff: the caption identifies him as Plaintiff, and he signed the Complaint.  Doc. 1 at 1, 6.[2]  The caption names Rodney Steven II, Genesis Gym, and Julian Macy as Defendants.  *Id.* at 1.  The Complaint identifies Macy as a Genesis employee.  *Id.* at 2.

The Complaint's jurisdictional entries are incomplete.  It alleges an amount in controversy exceeding $75,000 but leaves blank Plaintiff's citizenship and the citizenship or state of incorporation of the first-named Defendant.  In the fields for the "second-named defendant," Plaintiff writes "Kansas" both as that party's state of citizenship and as its state of incorporation.  *Id.* The Complaint lists Wichita, Kansas, addresses for Plaintiff, Steven, Genesis, and Macy, but it supplies no other citizenship allegations.  *Id.* at 1–2.

For federal jurisdiction, Plaintiff checks the form's box stating that the case arises from a violation of federal civil or equal rights under 28 U.S.C. § 1343.  He also checks "Other grounds" and lists 18 U.S.C. §§ 1961–1968 (RICO); "18 USC 1983," which the Court liberally construes as 42 U.S.C. § 1983; 18 U.S.C. §§ 1117, 1343, and 1001; and 42 U.S.C. § 1320a-7b.  Doc. 1 at 3.

The factual narrative is brief.  Plaintiff alleges that Macy used "elaborate schemes to defraud/steal/convert" Plaintiff's property to cash while working with "organized criminals." *Id.* He refers to stealing and selling property and to defamation, slander, and libel.  *Id.*  On the next page, he writes: "Violation of ADA-Service Dog Violations," followed by references to stolen cash. Plaintiff further alleges that he was falsely arrested and required to wear an ankle monitor for a crime he did not commit based on Macy's lies, and that the ankle monitor caused medical problems.  *Id.* at 4.  In the damages section, Plaintiff lists $80,000 in gold jewelry, a bond or false arrest, a stolen dog

---

[2] In the form's Part I.A field for the "Name of plaintiff," Plaintiff wrote "Rodney Steven II (Genesis Gyms)." Doc. 1 at 1.  Because the caption names Fountain as Plaintiff and he signed the Complaint, the Court treats that entry as an oversight.

collar with five gold coins, a bag of silver coins, medical problems caused by an ankle monitor for a crime he says he did not commit, and more than $25,000 in cash allegedly taken from him because of Macy's lies. *Id.* He seeks actual and punitive monetary damages and checks a box indicating that the alleged wrongs are continuing. *Id.*

The Complaint supplies no date, sequence of events, or description of any act by Steven or Genesis. It does not identify the alleged misrepresentation that caused the arrest, the person to whom it was made, the circumstances surrounding the arrest or ankle monitor, any event involving a service dog, or any communication or transaction used to carry out the alleged scheme.

Construing the Complaint liberally, the Court understands Plaintiff to be attempting to assert: (1) a § 1983 claim based on the allegation that Macy's lies led to a false arrest and ankle monitor; (2) a civil RICO claim based on the alleged schemes by Macy and "organized criminals" to defraud Plaintiff and take his property; (3) an ADA Title III claim based on the reference to a service dog at a gym; (4) freestanding civil claims under the federal criminal statutes he lists; and (5) Kansas-law claims based on conversion, theft, defamation, slander, libel, and false arrest.

## III.    Analysis

The Court first considers Rule 8 and, alternatively, the merits of the discernible federal claims under § 1915(e)(2)(B)(ii), followed by the treatment of any state-law claims.

### A.  Failure to Comply with Rule 8

Rule 8's short-and-plain-statement requirement serves the important purpose of requiring a plaintiff to state claims intelligibly so the defendants can understand the legal claims asserted against them. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). When a pleading fails to comply with Rule 8, Rule 41(b) permits dismissal for failure to comply with the Federal Rules of Civil Procedure. *Shores v. Williams*, No. 24-1345, 2026 WL 1164551, at *4 (10th Cir. Apr. 29, 2026); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). A court may dismiss an action

4

without prejudice on that ground "without attention to any particular procedures." *Nasious*, 492 F.3d at 1162.

A pro se litigant can satisfy Rule 8 by explaining what each defendant did, when the defendant did it, how the conduct harmed the plaintiff, and what legal right the plaintiff believes was violated. *Id.* at 1163. Dismissal may be appropriate when a pleading is so confusing that the Court cannot understand the allegations well enough to determine whether they state a plausible claim. *Shores*, 2026 WL 1164551, at *4; *see also Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996).

Here, the Complaint does not meet those requirements. Its words are largely legible, and the Court does not rely on the misplaced party names discussed in footnote two. The problem is that the factual fragments are not connected to particular claims against particular Defendants. Only Macy appears in the narrative. The Complaint alleges no act by Steven or Genesis and does not explain whether either is allegedly liable for Macy's conduct or on what factual or legal basis. As to Macy, the Complaint does not describe the lie, communication, transaction, or other conduct that allegedly produced any particular injury. It does not explain whether the property allegations, false arrest, ankle monitor, and service-dog reference arise from one event or several unrelated events.

The Court therefore cannot determine which claim is asserted against which Defendant, the factual basis for each claim, or how the cited statutes relate to the alleged events. This is not merely a failure to provide evidentiary detail supporting otherwise identifiable claims. The Complaint does not give each Defendant fair notice of the conduct and legal theory he or it would have to answer.

The undersigned recommends dismissal of the action without prejudice under Rule 41(b) for failure to comply with Rule 8.[3]

---

[3] Recent Tenth Circuit decisions do not counsel a different result. In *Shores* and *Shapiro*, the Tenth Circuit reversed or remanded because the district courts dismissed identifiable claims for failure to state a claim without permitting amendment or explaining why amendment would be futile. *See Shores*, 2026 WL 1164551, at *7–9; *Shapiro v. Campanelli*, No. 25-5183, 2026 WL 1970556, at *1–2 (10th Cir. July 8, 2026). This case presents a different issue. The recommended dismissal is not based merely on insufficient facts supporting

### B.  Alternatively, The Complaint Fails to State a Claim

Even if the Court could overlook the Rule 8 deficiencies and identify Plaintiff's intended federal claims, the complaint would remain subject to dismissal under § 1915(e)(2)(B)(ii).

#### 1.  Section 1983

Section 1983 requires the deprivation of a federally protected right by a person acting under color of state law.  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint identifies private individuals and a private business.  It does not allege that any Defendant held public office, exercised governmental authority, or acted jointly with a state official under a shared plan to violate Plaintiff's rights.

Plaintiff appears to allege that Macy's lies caused an arrest and ankle monitor.  But furnishing information to law-enforcement officers—even information alleged to be false—does not, without more, constitute joint action under color of state law.  *Id.* at 1157–58; *see also Lane v. Johnson,* 385 F. Supp. 2d 1146, 1151 (D. Kan. 2005) ("The mere fact that a private party furnished information, even if false, is not sufficient to constitute joint activity with state officials to state an actionable claim under § 1983").  The Complaint alleges no common unconstitutional goal, prearranged plan, substantial cooperation, or substitution of Macy's judgment for that of law enforcement.  It therefore does not state a § 1983 claim.

#### 2.  RICO and the Federal Criminal Statutes

The Complaint cites 18 U.S.C. § 1117 (conspiracy to murder), § 1001 (false statements within federal jurisdiction), and § 1343 (wire fraud), as well as 42 U.S.C. § 1320a-7b (criminal penalties for conduct involving federal health-care programs).  These are criminal provisions.

---

an identifiable claim; it rests on the more fundamental failure to identify intelligibly which Defendant allegedly committed which act and how those acts support the asserted claims.  It therefore is a dismissal without prejudice under Rule 41(b) for noncompliance with Rule 8—a disposition that *Nasious* permits without adherence to particular procedures.  *See* 492 F.3d at 1162.

Unlike civil RICO, none creates a freestanding private civil remedy. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of civil claims under criminal statutes, including 18 U.S.C. § 1001, because the statutes created no private right of action); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408–09 (8th Cir. 1999) (no private right under § 1343); *Gaalla v. Citizens Medical Center*, No. V-10-14, 2010 WL 2671705, at *3 (S.D. Tex. June 30, 2010) (no private right under § 1320a-7b). Plaintiff therefore cannot pursue stand-alone civil claims under those provisions. Section 1343 may qualify as a RICO predicate offense, but it does not independently authorize a private suit.

RICO differs because 18 U.S.C. § 1964(c) expressly authorizes a civil action by a person injured in business or property by a violation of § 1962. The elements of a civil RICO claim are "(1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity." *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006). "Racketeering activity" is limited to the offenses enumerated in § 1961(1), commonly referred to as predicate acts. A "pattern" requires at least two related predicate acts that amount to or pose a threat of continued criminal activity. 18 U.S.C. § 1961(1), (5); *Tal*, 453 F.3d at 1267. When the alleged predicate acts sound in fraud, the circumstances constituting the fraud must be pleaded with particularity. *Tal*, 453 F.3d at 1263; Fed. R. Civ. P. 9(b).

Here, the complaint does not identify a RICO enterprise, describe its structure or purpose, explain any Defendant's role in it, or allege a pattern of qualifying predicate acts. The terms "organized criminals" and "elaborate schemes" are conclusions, not supporting facts. Plaintiff cites the federal wire-fraud statute, which may supply a RICO predicate act, but does not identify any interstate wire communication used to further the alleged scheme or plead with particularity any fraudulent representation, including its content, speaker, recipient, and timing. Moreover, Plaintiff's allegations of theft, conversion, and defamation do not identify any predicate offense enumerated in

7

18 U.S.C. § 1961(1).  Without at least two qualifying predicate acts, those allegations do not establish a pattern of racketeering activity.  *See Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 888–89 (10th Cir. 2012).  The complaint therefore does not state a plausible RICO claim.

### 3.  The ADA

The Court construes the phrase "ADA-Service Dog Violations" under Title III of the ADA because Title III governs disability discrimination by private entities that own, lease, or operate places of public accommodation, and it expressly includes a "gymnasium" or other place of exercise or recreation.  42 U.S.C. §§ 12181(7)(L), 12182(a).  Title III's implementing regulations define a service animal by reference to work or tasks performed for an individual with a disability and address reasonable modifications involving service animals.  28 C.F.R. §§ 36.104, 36.302(c).

The Complaint does not allege that Plaintiff has a disability, identify any work or task performed by the dog, describe an access request or denial, identify who denied access, or state when or where an incident occurred.  The bare phrase "ADA-Service Dog Violations" does not support a reasonable inference that any Defendant discriminated against Plaintiff because of a disability.

The requested relief also presents a separate legal defect.  Plaintiff asks for actual and punitive monetary damages; he does not request prospective injunctive relief.  A private litigant may obtain injunctive relief, but not monetary damages, under Title III.  *Lewis v. Burger King*, 361 F. App'x 937, 938 & n.1 (10th Cir. 2010). The only relief requested for the discernible ADA theory is therefore unavailable.

### 4.  Amendment

The Court recognizes that a dismissal under § 1915(e)(2)(B)(ii) requires a reasoned analysis why amendment would be futile.  *See Shores*, 2026 WL 1164551, at *7–8; *Shapiro*, 2026 WL 1970556, at *1–2.  Such a dismissal without an opportunity to amend is proper only when it is obvious that

8

the plaintiff cannot prevail on the facts alleged and amendment would be futile. *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001). The deficiencies here are not limited to one technical omission. The stand-alone criminal-statute theories fail as a matter of law; Title III does not authorize the monetary relief requested; the § 1983 theory alleges conduct by private parties without facts suggesting state action; and the RICO theory supplies no enterprise, qualifying pattern, or particularized predicate act.

The Court has considered *Lewis*, which recognized that omitted disability and service-dog details may be curable. 361 F. App'x at 938. But the plaintiff there identified a particular restaurant, described the exclusion involving her dog, and sought injunctive relief. *Id.* at 937–38. Here, the Complaint describes no access request, denial, or other service-dog incident and requests only a form of relief unavailable under Title III.

Depending on the theory, a viable pleading would have to introduce new essential actors, agreements, events, communications, and completely new facts, or a different form of relief—none of which is suggested by the Complaint's factual narrative. The Court cannot invent those facts for Plaintiff. *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). On the facts alleged and as to the federal theories presented, amendment before dismissal would be futile.

### C.  State-Law Claims

The references to conversion, theft, defamation, slander, libel, and false arrest may implicate Kansas law. As explained above, the Complaint does not establish diversity jurisdiction. The Court could therefore adjudicate any such claims only through supplemental jurisdiction based on the federal claims. *See* 28 U.S.C. § 1367(a).

A federal court may decline supplemental jurisdiction after dismissing all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). When all federal claims are dismissed before trial, the Court may and usually should decline jurisdiction over remaining state-law claims. *Smith v. City of*

*Enid ex rel. Enid City Commission*, 149 F.3d 1151, 1156 (10th Cir. 1998). This action is at the screening stage, no Defendant has been served, and nothing favors retaining jurisdiction. If the District Judge adopts the alternative recommendation, the undersigned recommends declining supplemental jurisdiction and dismissing any discernible state-law claims without prejudice.

## IV.    Recommendation

For the reasons stated above, the undersigned recommends that the District Judge dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) because the complaint fails to comply with Rule 8.

Alternatively, the undersigned recommends that the District Judge dismiss Plaintiff's federal claims without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), decline to exercise supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3), and dismiss those claims without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and D. Kan. Rule 72.1.4, Plaintiff may serve and file written objections to these proposed findings and recommendations within fourteen days after service. Any objections must be both timely and specific. Failure to file timely, specific objections will bar appellate review of the proposed factual findings, legal conclusions, and recommended disposition. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff by certified mail at his address of record.

**IT IS SO RECOMMENDED.**

Dated July 21, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

10